# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv244 |
| JODY UPTON, ET AL. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Watkins, formerly an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit against Jody Upton, G. Maldonado, Jr., and Harrell Watts.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failing to state a claim upon which relief may be granted (docket entry no. 27).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

In his objections, plaintiff contends the Magistrate Judge misconstrued his claims as pertaining only to the resolution of his grievances. Plaintiff states that he asserted in his complaint claims for the violation of his First Amendment right to practice his religious dietary beliefs and the

violation of his Fifth Amendment right to be treated equally under the laws of the United States. After careful consideration, the court concludes plaintiff's objections are without merit.

"The filings of a *pro se* litigant are to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Coleman v. United States*, __ F.3d __, 2019 WL 126043 (5th Cir. 2019) (internal citations omitted). Nonetheless, "*pro se* plaintiff's must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). In this case, however, even affording plaintiff's complaint liberal construction to include claims brought under the First and Fifth Amendments as plaintiff asserts, plaintiff's claims are without merit and should be dismissed.

The facility at which plaintiff was confined was selected to participate in the Certified Food Unitized Food Tray Program, a national pilot program instituted at select BOP facilities approved by Assistant Director of Health Services to participate in the program. *See Barner v. Marberry*, 2008 WL 3891264, at *2 (W.D. Penn. 2008). "Under the Pilot Program, the BOP contracts with a non-BOP kosher vendor to prepare kosher food items that are fully prepared, sealed, and delivered to [the participating prison], where they are re-heated and served to inmates approved to receive religious certified meals.*" Id.* "The primary purpose of the Pilot Program is to ensure that inmates receiving religious certified meals are served meals that do not violate their religious beliefs." *Id.*

Plaintiff, however, complains that the food served as part of the program did not comply with his religious dietary needs. According to plaintiff, the defendants "violate[d] Plaintiff's First Amendment right to practice his religious dietary belief and his Fifth Amendment right to be treated fairly/equally under the laws of the United States and also discriminated against plaintiff." Plaintiff's

2

Complaint at *3. Plaintiff also claims the defendants "all deprived plaintiff of his First Amendment right to practice his religious dietary belief, his Fifth Amendment right to be treated equally, and they discriminated against him when they held that the BOPs pilot program's religious diet was commensurate with plaintiff's religious dietary belief and afforded him the right to practice his religious dietary belief." Plaintiff's Complaint at 12.

The defendants in this action are all employed in supervisory positions and only participated in the denial of plaintiff's grievances. Defendant Upton is the unit warden and was the reviewer and responding authority for plaintiff's initial grievance. Defendant Maldonado is the Regional Director for the South Central Region and was the reviewer and responder for plaintiff's appeal of defendant Upton's denial of plaintiff's grievance. Further, defendant Watts is the Administrator for National Inmate Appeals and the final reviewing authority and responder to plaintiff's grievance appeal.

Plaintiff has failed to set forth factual allegations demonstrating the defendants were personally involved in the alleged violations of his constitutional rights. His factual allegations against each of the defendants concern their review and response to his grievances. In order to hold an individual liable on a *Bivens* claim, as in § 1983 litigation, the plaintiff must allege that the individual was personally involved in the constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards,* 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights action. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983). Vicarious liability does not apply to constitutional claims. *Pierce v. Tex. Dep't of Crim. Justice,* 37 F.3d 1146, 1150 (5th Cir.1994).

Here, plaintiff's conclusory allegations are insufficient to show personal involvement of the defendants in the violation of a constitutional right. A plaintiff must state particular facts specifying

the personal involvement of each defendant. *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983) ("Personal involvement is an essential element of a [§ 1983] civil rights cause of action."); *see also Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (requiring affirmative link between the injury and the defendant's conduct). Therefore, plaintiff's allegations against the defendants fail to rise to the level required to establish a constitutional violation.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Officials acting in supervisory roles, such as the defendants in this action, may be held liable only if: (1) they affirmatively participate in the acts that cause constitutional deprivations; or (2) they implement unconstitutional policies that result in plaintiff's injury. *Gates v. Tex. Dep't of Prot. and Reg. Services*, 537 F.3d 404, 435 (5th Cir. 2008); *Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992).

In this case, plaintiff's complaint is devoid of any personal involvement by any of the defendants. Plaintiff does not claim that the defendants were involved in any decisions concerning the food he received or the institution of the national pilot program implemented by the Assistant Director of Health Services, other than the defendants did not properly respond to his grievances about the program. As set forth in the report, the defendants' failure to properly investigate or resolve his grievances fails to state a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Edmond v. Martin*, No. 95-60666 (5th Cir. 1996). Accordingly, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

Further, the Supreme Court has "declined to extend *Bivens* to a claim sounding in the First Amendment." *Bush v. Lucas*, 462 U.S. 367, 103 S. Ct. 2404, 76 L.Ed.2d 648 (1983). Accordingly, plaintiff's allegations invoking the First Amendment fail to state a cognizable claim under *Bivens* and should be dismissed.

Plaintiff also claims the defendants acted in violation of the Equal Protection clause of the Fifth Amendment. To maintain an equal protection claim, plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Plaintiff's allegations against the defendants do not indicate an unconstitutional motive for the defendants' acts. Mere conclusory allegations are insufficient. *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir.1987). Plaintiff's equal protection claim is conclusory and has no merit. Accordingly, plaintiff's claim should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

Next, plaintiff has sued the defendants in their official capacity. A suit for damages against the United States or against a federal agent in his official capacity is barred by sovereign immunity unless the government has waived its immunity. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir.), *cert. denied*, 395 U.S. 968 (1968). The United States has not waived sovereign immunity for alleged constitutional violations. *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971). Even if the claim were construed as a federal tort claim, a constitutional claim does not arise under the FTCA and is barred by sovereign immunity. *McAffee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990) (citing *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983).

Thus, the United States has not waived sovereign immunity with regard to plaintiff's constitutional claims. Accordingly, plaintiff's claims against the defendants in their official capacity fail to state a claim upon which relief may be granted.

Plaintiff also seeks injunctive relief for his lawsuit. However, plaintiff is no longer confined in the Federal Correctional Complex in Beaumont, Texas where he was when he filed the action. As plaintiff is no longer confined at the Federal Correctional Complex in Beaumont, Texas, any request for injunctive relief is moot based on plaintiff's release. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Further, to the extent plaintiff's complaint might be liberally interpreted as asserting a claim for prospective relief, plaintiff's request is not appropriate in this case. In accordance with the Prison Litigation Reform Act ("PLRA"), prospective relief with respect to prison conditions shall extend no further than necessary to correct the violation of the federal rights of the plaintiff. Accordingly, plaintiff's complaint should be dismissed.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
**Jan 20, 2019**

_____
Ron Clark, Senior District Judge